**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KARIMULLAH QURESHI; et al., | No. 09-71122 |
| Petitioners, | Agency Nos.     A075-526-473 |
| | A075-526-474 |
| v. | A076-715-255 |
| ERIC H. HOLDER, Jr., Attorney General, | |
| | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2012[**]

Before:     CANBY, GRABER, and M. SMITH, Circuit Judges.

Karimullah Qureshi, and his family, natives and citizens of Bangladesh,

petition for review of the Board of Immigration Appeals' ("BIA") order denying

their motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C.

§ 1252. We review for an abuse of discretion the BIA's denial of a motion to

_____

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

reopen.  *See Toufighi v. Mukasey*, 538 F.3d 988, 992 (9th Cir. 2008).  We deny the petition for review.

The BIA did not abuse its discretion in denying petitioners' motion to reopen as untimely and number-barred where the motion was filed over four years after the BIA's final order, *see* 8 C.F.R. § 1003.2(c)(2), and petitioners failed to present sufficient evidence of changed circumstances in Bangladesh to qualify for the regulatory exception to the time limit for filing motions to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004) ("The critical question is . . . whether circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution.").

**PETITION FOR REVIEW DENIED.**

09-71122